UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RUSSELL VANBROCKLEN,

                Plaintiff,

v.

USA, TRANSPORTATION SECURITY
ADMINISTRATION,

                Defendants.

**DECISION AND ORDER**

08-CV-00272(M)

---

In accordance with 28 U.S.C. §636(c), the parties have consented to proceed before a Magistrate Judge [20].[1] Before me are defendants' motion [44] to dismiss the remaining claims contained in plaintiff's Second Amended Complaint [26][2] pursuant to Fed. R. Civ. P. ("Rule") 12(c), and plaintiff's motions for leave to conduct discovery in opposition to defendants' motion to dismiss [46] and for leave to file a Third Amended Complaint [53]. Oral argument was held on February 16, 2011. For the following reasons, I order that defendant's motion to dismiss be granted, and that plaintiff's motion to amend and to conduct discovery be denied.

**BACKGROUND**

The procedural history of his case is fully set forth in my September 16, 2010 Decision and Order, which dismissed all the claims in the Second Amended Complaint except plaintiff's constitutional claims arising under the Fourth, Sixth and Fourteenth Amendments

---

[1]     Bracketed references are to the CM/ECF docket entries.

[2]     Although captioned as plaintiff's amended complaint, it actually constitutes his second amended complaint.

[39]. After answering plaintiff's Second Amended Complaint, defendants moved for judgment on the pleadings pursuant to Rule 12(c) [44]. Initially, plaintiff cross-moved for leave to conduct discovery necessary to oppose defendants' motion [46].

Following a conference with the parties, it was agreed that plaintiff's cross-motion for leave to conduct discovery [46], would "be held in abeyance pending plaintiff's response to defendants' motion to dismiss". November 1, 2010 Text Order [49]. Because plaintiff's cross-motion failed to explain why the requested discovery was necessary to oppose defendants' motion, plaintiff was directed that "[i]n conjunction with responding to defendants' motion to dismiss [he] should address how the requested discovery will be relevant to opposing defendants' motion to dismiss." Id. However, rather than responding to defendants' motion to dismiss, plaintiff moved for leave to file a Third Amended Complaint [53].

## ANALYSIS

A. **Defendants' Motion to Dismiss and Plaintiff's Cross-Motion For Leave to Conduct Discovery**

Since plaintiff has failed to file any substantive response to defendants' motion or to otherwise amplify his cross-motion for leave to conduct discovery as directed, I interpret plaintiff's subsequent motion for leave to file a Third Amended Complaint as conceding the propriety of dismissal of the Second Amended Complaint. *See* Bankruptcy Trust of Gerard Sillam v. Refco Group, LLC, 2006 WL 2129786,* 4 (S.D.N.Y. 2006) ("Essentially, plaintiffs consent to the dismissal of the present complaint, but seek leave to amend the complaint under

Fed.R.Civ.P. 15(a)"). Therefore, I order that defendants' motion to dismiss be granted and deny plaintiff's cross-motion for leave to conduct discovery as moot.

**B.     Plaintiff's Cross-Motion for Leave to Amend**

Leave to amend "should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001). "An amendment will be deemed futile, and the motion to amend denied, where the amendment would be subject to dismissal [under Rule 12(b)(6)] for failure to state a claim upon which relief may be granted." Christian v. Town of Riga, 649 F.Supp.2d 84, 101 (W.D.N.Y. 2009) (Telesca, J.), reconsideration denied, 2010 WL 4116785.

Although plaintiff's proposed Third Amended Complaint lacks a caption, it appears to assert two claims, a Bivens claim[3] against Transportation Security Administration ("TSA") Officer Charles Adamo for violating his Fourth and Fourteenth Amendment rights during the September 26, 2007 security screening, and a claim against the United States for Officer Adamo's actions. Proposed Third Amended Complaint [53-1], ¶¶1 and 2.[4]

---

[3] Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

[4] Defendants interpret the proposed Third Amended Complaint differently. They allege that it "seeks to add Fourth Amendment and Fourteenth Amendment Bivens claims against the United States for the actions of the [TSA] Officer Charles Adamo". Defendants' Memorandum of Law [55], p. 1. They also interpret the proposed Third Amended Complaint as naming the TSA and the Hon. Janet Napolitano, Secretary of the Department of Homeland Security, as defendants. Id., pp. 1-2. However, it is clear that the only proposed defendants are the United States and Officer Adamo. Proposed Third Amended Complaint [53-1], ¶5.

1. **Fourteenth Amendment Claim**

Whether asserted as a Bivens claim against Officer Adamo or against the United States directly, I conclude that plaintiff's proposed Third Amended Complaint is futile. Plaintiff's Fourteenth Amendment claim fails as a matter of law because the Fourteenth Amendment only applies to *state* action. *See* Taylor v. Donley, 2010 WL 958067, *5 (E.D.Cal. 2010), adopted by 2010 WL 1236327 ("any *Bivens*-type claims under the Fourteenth Amendment would have to be dismissed because, as noted above, the Fourteenth Amendment applies only to actions by a State or state actors").[5]

2. **Fourth Amendment Claim**

I conclude that plaintiff's proposed Fourth Amendment claim likewise fails as a matter of law. The relevant factual allegations contained in his proposed Third Amended Complaint remain unchanged from his Second Amended Complaint, which are set forth in my September 16, 2010 Decision and Order [39], pp. 2-3. Plaintiff's proposed Third Amended Complaint appears to assert three separate Fourth amendment claims arising from the September 26, 2007 incident: 1) "Mr. Adamo, by his abrupt behavior, in NOT fully reading the Plaintiff's medical report, and asking whatever needed fallow [*sic*] up questions, to understand the medical report, violated the Plaintiff's 4th Amendment rights" ([53-1], ¶117); 2) "Mr. Adamo, by his abrupt behavior, in telling the Plaintiff to sit down and not to communicate, violated the Plaintiff's 4th Amendment rights" (id., ¶118); and 3) "Mr. Adam, by telling Agent Walter Kemp

---

[5] It is surprising that plaintiff continued to assert a Fourteenth Amendment claim in his proposed Third Amended Complaint when defendants had raised this argument in support of their motion to dismiss the Second Amended Complaint and he failed to oppose it at that time.

-4-

to conduct the Pat Down search, under these conditions . . . , violated the Plaintiff's 4th Amendment rights" (id., ¶119).

"[E]ven with the grave threat posed by airborne terrorist attacks, the vital and hallowed strictures of the Fourth Amendment still apply: these searches must be reasonable to comport with the Constitution." United States v. Marquez, 410 F.3d 612, 618 (9th Cir. 2005). However, "'reasonableness under the Fourth Amendment does not require employing the least intrusive means'". Vanbrocklen v. United States, 2011 WL 9830, *1 (2d Cir. 2011) (summary order) (*quoting* Board of Education of Independent School District No. 92 of Pottawatomie County v. Earls, 536 U.S. 822, 837 (2002)). Thus, "[a]n airport screening search is reasonable if: (1) it is no more extensive or intensive than necessary, in light of current technology, to detect weapons or explosives; (2) it is confined in good faith to that purpose; and (3) passengers may avoid the search by electing not to fly." Marquez, 410 F.3d at 616.

Notably, the Second Circuit has recently upheld the dismissal of plaintiff's Fourth Amendment claim arising from a factually similar incident at the Albany International Airport on September 18, 2007. *See* Vanbrocklen, 2011 WL 9830. Even liberally interpreting plaintiff's proposed Third Amended Complaint, he fails to allege facts demonstrating that the screening procedures employed were unreasonable. While he challenges Officer Adamo's failure to fully read his medical documentation, he himself accepts as true Officer Adamo's explanation that "'[w]hile reading [the medical documentation] and with TSO Kemp standing by to perform the pat down [plaintiff] stood up and took his shirt off'". Proposed Third Amended Complaint [53-

1], ¶¶25-26. According to Officer Adamo, it was "at this time everything changed due to the fact that he stated he couldn't stand previously". Id., ¶27.

Given these circumstances, which led Officer Adamo to have a heightened suspicion, it was reasonable for him to advise plaintiff to remain seated and to proceed with the pat down procedure. See Vanbrocklen v. United States, 2010 WL 1372321, *3 (N.D.N.Y. 2010), aff'd, 2011 WL 9830 (2d Cir. 2011) ("Given the circumstances, including that an objectively reasonable TSA screener may have had a heightened suspicion in light of Plaintiff's response to the first attempts to perform the pat down procedure, it was reasonable for the TSA screener to continue to search for weapons or explosives that might have been concealed by Plaintiff's pants"). Officer Adamo's alleged statement to plaintiff to "sit down and shut up" (proposed Third Amended Complaint [53-1], ¶56), is insufficient to state a claim because "verbal intimidation does not rise to the level of a constitutional violation". Jean-Laurent v. Wilkerson, 438 F.Supp.2d 318, 325 (S.D.N.Y. 2006).

While plaintiff alleges that Officer Adamo is trained to call the local police rather than to "physically deal with passengers" (proposed Third Amended Complaint [53-1], ¶43), "none of his suggested alternative courses of action alter the conclusion that his pleadings do not set forth a claim that the search here represented an unreasonable intrusion on his Fourth Amendment privacy interests." Vanbrocklen, 2011 WL 9830 at *1.

Plaintiff argues that unlike the Albany International Airport incident, there was no need for him to be re-screened because he was already fully screened without incident. Plaintiff's Supplemental Memorandum of Law [62], p. 11. However, it is undisputed that once he was initially screened, he left the sterile area to retrieve his medical device. Proposed Third

Amended Complaint [53-1], ¶77. In fact, plaintiff admits that under these circumstances "it is true that the Plaintiff had to be screened again". Plaintiff's Supplemental Memorandum of Law [62], p. 11.

Moreover, plaintiff could have elected not to fly, thereby avoiding the security screening. In fact, plaintiff recognized this option and had employed it in the past. The medical documentation he allegedly provided to Officer Adamo stated that he had "[v]ery recently e [*sic*] forfeited boarding flight that he d [*sic*] paid for when he was unable to avoid the preflight security clearance." Proposed Third Amended Complaint [53-1], p. 4. Even interpreting plaintiff's claim as alleging an infringement on his fundamental right to travel, "travelers do not have a constitutional right to the most convenient form of travel[, and] minor restrictions on travel simply do not amount to the denial of a fundamental right." Town of Southold v. Town of East Hampton, 477 F.3d 38, 54 (2d Cir. 2007). *See* Gilmore v. Gonzales, 435 F.3d 1125, 1136 (9th Cir. 2006), cert. denied, 549 U.S. 1110 (2007) ("the Constitution does not guarantee the right to travel by any particular form of transportation").

The proposed Third Amended Complaint alleges that the employees of the "U.S. Marshal" and "U.S. Custom and Border Patrol" have higher qualifications than certain TSA employees, and that despite having the same duty to ensure safety, these organizations handle security screenings differently. Proposed Third Amended Complaint [53-1], ¶¶28-38. To the extent these allegations can be read to challenge the TSA's screening procedures as being in violation of the Constitution, I lack jurisdiction to consider such claims under 49 U.S.C. § 46110(a), which vests the courts of appeal with exclusive jurisdiction over final orders issued

by the TSA, including its Security Directives. *See* <u>In re September 11 Litigation</u>, 236 F.R.D. 164. 174 (S.D.N.Y. 2006); <u>Gilmore</u>, 435 F.3d at 1133.

## CONCLUSION

For these reasons, I order that defendants' motion to dismiss [44] is granted and that plaintiff's motions for leave to conduct discovery [46] and for leave to file a Third Amended Complaint [53] are denied. The Clerk of the Court is directed to close this case.

**SO ORDERED**

DATED:    February 22, 2011

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge